CONCURRING OPINION



No. 04-06-00503-CV



IN THE MATTER OF S.A.G.,





From the 289th Judicial District Court, Bexar County, Texas


Trial Court No. 2000-JUV-01993A


Honorable Carmen Kelsey, Judge Presiding



Opinion by: Karen Angelini, Justice

Concurring opinion by: Steven C. Hilbig, Justice

Dissenting opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: March 14, 2007


 I concur in the result reached by the majority; however, I write separately to address the
propriety of using section 51.01 of the Juvenile Justice Code (1), which is entitled "Purpose and
Interpretation," as a standard for determining whether a trial court has abused its discretion in placing
a juvenile on probation outside the home or in the Texas Youth Commission. See Tex. Fam. Code
Ann. § 51.01 (Vernon 2002).

Background

 In her initial appearance in the trial court, S.A.G. was adjudicated as a child who engaged in
delinquent conduct for committing the offense of burglary of a habitation. See Tex. Penal Code
Ann. § 30.02(a)(1), (c) (Vernon 2003). S.A.G. was placed on probation. Over time, the State filed
numerous motions to modify disposition. This appeal concerns the State's fifth motion in which it
alleged that S.A.G., who previously had been placed in a residential treatment facility, failed to
follow the facility's rules by attempting to escape and failed to pay restitution and fees. At the
conclusion of the hearing on the State's motion, the trial court found the allegation of a violation of
the facility's rules true, but found the allegation of a failure to pay restitution and fees not true based
on indigency. The trial court committed S.A.G. to the Texas Youth Commission (TYC). In support
of its decision, the trial court complied with the requirements of sections 54.05(i) and (m) of the
Juvenile Justice Code. See Tex. Fam. Code Ann. §§ 54.05(i), (m)(1) (Vernon Supp. 2006). 

Issue on Appeal

 On appeal, S.A.G. raises only one issue:

 The trial court abused its discretion when it committed Appellant to the Texas Youth
Commission, because the commitment was not justified in light of the purposes
of the Texas Juvenile Justice Code. 


(emphasis added). Notably, she does not challenge the findings made by the trial court pursuant to
section 54.05(m). So the question is, does the purposes section of the Juvenile Justice Code afford
a juvenile offender substantive rights upon which appellate relief can be sought? According to the
majority opinion, as well as other opinions from this court, it does. This is where I must differ with
the majority in this case and the court generally. I believe a complaint that the trial court "violated"
the purposes section of the Juvenile Justice Code does not, in either a modification or an original
disposition, create a viable ground for appellate review because that section does nothing more than
state the goals the Juvenile Justice Code was enacted to achieve. See Tex. Fam. Code Ann. § 51.01
(Vernon 2002). While the goals expressed in section 51.01 are laudable, it is axiomatic that no relief
should be available for an alleged violation of a mere goal. 

Prior Opinions from this Court

 It is easy to understand why appellant has based her issue on the purposes section. Beginning
with In re K.T., the court has converted section 51.01 from a statement of goals to a purported
standard by which the court of appeals reviews the trial court's exercise of its discretion. See In re
S.A.G., Majority Opinion, No. 04-06-00503-CV, ___ S.W.3d ___, (Tex. App.-San Antonio 2007,
no pet. h.); In re M.J.A., 155 S.W.3d 575, 577 (Tex. App.-San Antonio 2004, no pet.) (en banc); In
re K.T.,107 S.W.3d 65, 74 (Tex. App.-San Antonio 2003, no pet.) (en banc). More specifically, the
court is using the purposes section as a purported standard to determine if the trial court abused its
discretion in: (1) removing a juvenile offender from the home; and (2) committing a juvenile
offender to TYC. See id.; see also Tex. Fam. Code Ann. §§ 54.04(i); 54.04(m) (Vernon Supp.
2006). As stated previously, I believe using the purposes section as a purported standard is improper,
but more importantly, is unnecessary in either instance. 

Removal from the Home

 This court in K.T. suggested section 51.01 of the Juvenile Justice Code contains the standard
courts should use to determine whether the trial court abused its discretion in removing a juvenile
offender from the home. K.T., 107 S.W.3d at 74. The court has since adopted the suggested standard.
See, e.g., In re M.J.A., 155 S.W.3d at 577. It is my opinion that the proper legal standards by which
an appellate court determines whether a trial court has abused its discretion in removing a juvenile
offender from the home are contained in sections 54.04(i) and 54.05(m) of the Texas Family Code. (2)

According to these sections, to order placement outside the home, the trial court must make three
findings: (1) it is in the child's best interests to be placed outside the home; (2) reasonable efforts
were made to prevent or eliminate the need for removal from the home and to make it possible for
the child to return home; and (3) in the home the child cannot be provided the necessary care,
support, and supervision to meet probation conditions. See Tex. Fam. Code Ann. §§ 54.04(i)(1);
54.05(m)(1) (Vernon Supp. 2006). There is absolutely no need to refer to the purposes section or use
it as a standard even though reviewing courts may and have referred to it as a justification for their
decisions. See, e.g., In re J.P., 136 S.W.3d 629, 632-33 (Tex. 2004). If a juvenile offender believes
the evidence does not support the trial court's decision to remove the juvenile from the home based
on findings made pursuant to section 54.04(i) or 54.05(m), he is free to allege an abuse of discretion
based upon a lack of evidence to support the necessary findings. See, e.g., In re J.G., 195 S.W.3d
161, 186-87 (Tex. App.-San Antonio 2006, no pet.) (holding trial court did not abuse its discretion
in finding that reasonable efforts were made to prevent or eliminate need for removal from home and
that home could not provide necessary quality of care, support, and supervision to allow appellant
to meet probation conditions). On appeal, the court reviews the evidence in the light most favorable
to the trial court's ruling to determine if it supports the challenged finding or findings made pursuant
to sections 54.04(i) or 54.05(m). See J.G., 195 S.W.3d at 187. There is absolutely no basis for either
a complaining juvenile offender or the court to rely upon the purposes section as the standard for
review. 

Commitment to TYC

 This court has also relied on its reasoning in K.T. to determine whether a trial court has
abused its discretion in placing the juvenile offender in TYC rather than on probation outside the
home - the real complaint raised by Appellant in this case. See In re S.A.G., Majority Opinion, No.
04-06-00503-CV, ___ S.W.3d ___, (Tex. App.-San Antonio 2007, no pet. h.). This determination
is independent of a review of the trial court's decision to place the offender outside the home, and
relates to those situations in which the evidence supports placement outside the home based upon
the standards in sections 54.04(i) or 54.05(m), but the appellant complains the trial court abused its
discretion in committing him or her to TYC. The majority apparently believes that just as there is
no standard by which to review the trial court's exercise of discretion in placing a juvenile outside
the home (thereby requiring the creation of a standard based on the purposes section), there is no
standard by which to review the trial court's exercise of discretion in committing a juvenile to TYC,
thereby requiring reliance on the previously created standard. I disagree. In my opinion the Texas
Supreme Court has held not only that such review is permissible, but has provided reviewing courts
the appropriate standard by which to determine if there has been an abuse of discretion in such a
commitment. See J.P., 136 S.W.3d at 632-33. 



Opinion from Texas Supreme Court

 J.P., decided after this court's decision in K.T., addressed the issue of whether the findings
required by section 54.04(i) to remove a child from the home in an original disposition should be
required, despite their absence from the statute, when a trial court modifies a disposition. Id. at 630-31. At the time the supreme court decided J.P., the legislature had not mandated that the findings
required for an original disposition be required for a subsequent modification. (3) Id. at 631. The
supreme court held, based on a plain reading of the statute, such findings were not required for a
modification and to imply that they were would completely rewrite the statute. Id. at 631-32. In
response to the suggestion that failing to require such findings would give trial courts unfettered
discretion to remove children from their homes, the supreme court held that even in the absence of
an apparent statutory standard, appellate courts had the inherent authority to reverse a trial court's
arbitrary decision to remove a child from a home for a trivial infraction. Id. at 632. The court,
summarizing the statutory provisions and the evidence it considered relevant to the trial court's
decision to commit J.P., stated:

 Commitment to TYC by modification order is proper only if a juvenile
originally committed a felony or multiple misdemeanors, and subsequently violated
one or more conditions of probation. In such circumstances, the statute allows a trial
court to decline third and fourth chances to a juvenile who has abused a second one.


 Here, the evidence at the modification hearing showed that J.P. assaulted
detention center officers, created a flood by plugging his toilet, assaulted other
residents, and on several occasions threatened to commit suicide. On the other hand,
there was evidence the death of his father shortly after he entered the detention center
contributed to the deterioration of his behavior, and a grandfather from New
Hampshire indicated willingness to raise J.P. there. The trial judge's comments
indicate careful consideration of J.P.'s circumstances, of possible alternatives to
commitment, and of potential dangers each option provided. Given J.P.'s original
adjudication of delinquency for serious offenses (which he does not contest), the
previous commitment to the Hood County Detention Center for further delinquent
conduct (which he does not contest), and the many offenses at the Center (which he
excuses but does not contest), we hold the trial court did not abuse its discretion in
modifying the previous disposition orders to commit J.P. to TYC. 

J.P., 136 S.W.3d at 633. Although the supreme court did not expressly articulate a standard for
reviewing the trial court's decision to commit a juvenile offender to TYC, I believe the court's
analysis reveals the standard: commitment of a juvenile offender to TYC is arbitrary, and therefore
an abuse of discretion, if the violation of probation is trivial and the trial court failed to consider and
attempt reasonable, appropriate alternatives. See id. at 631 -33. (4)

Conclusion

 I concur with the result reached by the majority because, using the standard found in J.P., I
do not believe the trial court abused its discretion in committing S.A.G. to TYC. However, because
I believe this court has created a purported standard of review that is based on what are no more than
legislative goals, a standard the supreme court declined to adopt, and a standard that is simply
unnecessary, I cannot join its opinion. I urge the court to reconsider the continued viability of
reviewing a trial court's decision based on purported violations of section 51.01 in light of the
supreme court's opinion in J.P..

 Steven C. Hilbig, Justice
1. I will refer to this provision throughout the concurrence as either section 51.01 or the purposes section. 
2. Section 54.04(i), which applies to original dispositions, states, in pertinent part: 


 (i) If the court places the child on probation outside the child's home or commits the child to the Texas
Youth Commission, the court: 

 (1) shall include in its order its determination that:

 (A) it is in the child's best interests to be placed outside the child's home;

 (B) reasonable efforts were made to prevent or eliminate the need for the child's
removal from the home and to make it possible for the child to return to the child's
home; and

 (C) the child, in the child's home, cannot be provided the quality of care and level
of support and supervision that the child needs to meet the conditions of probation. 


Tex. Fam. Code Ann. § 54.04(i)(1) (Vernon Supp. 2006). Section 54.05(m), which applies to modifications, states, in
pertinent part: 


 (m) If the court places the child on probation outside the child's home or commits the child to the
Texas Youth Commission, the court: 

 (1) shall include in its order a determination that:

 (A) it is in the child's best interests to be placed outside the child's home;

 (B) reasonable efforts were made to prevent or eliminate the need for the child's
removal from the child's home and to make it possible for the child to return home;
and

 (C) the child, in the child's home, cannot be provided the quality of care and level
of support and supervision that the child needs to meet the conditions of probation. 


Tex. Fam. Code Ann. § 54.05(m)(1) (Vernon Supp. 2006). 

3. Section 54.05(m) was added by the legislature in 2005 - apparently in response to the suggestion of the
concurrence in J.P. See J.P., 136 S.W.3d at 634 (Schneider, J., concurring). 
4. I recognize the supreme court quoted the purposes section in J.P.. See id. at 632-33. It is clear, however, the
court was not holding or even suggesting the section was a standard by which to determine whether the trial court had
abused its discretion in committing J.P. to TYC. Rather, the court was merely referring to the purposes section as a
justification for its holding that the section 54.04(i) findings were not required to be made when the trial court modified
a disposition. See id.